IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No: 1:24-cv-02163-RMR-SBP

PEGGY STIPEK, MICHAEL STIPEK

Plaintiffs,

v.

SAFECO INSURANCE COMPANY OF AMERICA

Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiffs' Motion to Remand, ECF No. 14. Defendant filed a response, ECF No. 17. For the following reason, the Court DENIES the Motion.

**I.   BACKGROUND**

This case arises out of a motor vehicle-pedestrian collision that occurred in Denver, Colorado between Plaintiff Peggy Stipek and the driver of the vehicle, Terry Eisenman. Plaintiffs originally filed their Complaint against Defendant Safeco Insurance Company of America ("Safeco") and Eisenman in Denver District Court on September 8, 2023. ECF No. 4. The Complaint alleges that, as a result of the accident on September 8, 2021, Plaintiff Peggy Stipek sustained "significant and permanent injuries," and Plaintiff Michael Stipek sustained loss of consortium. *Id.* ¶¶ 8-15, 31. The Complaint further alleges that Plaintiffs were insured under an automobile insurance policy issued by

Defendant Safeco that provided underinsured motorist ("UIM") benefits with limits of $50,000.00 per person/$100,000.00 per incident. *Id.* at 17. Plaintiffs' counsel filed the District Court Civil Case Cover Sheet, certifying pursuant to Colo.R.Civ.P. 11 that the "value of the party's claims against one of the other parties is reasonably believed to exceed $100,000.00" and that Plaintiffs were "seeking a monetary judgment against another party of more than $100,000." ECF No. 1-2.

In the Complaint Plaintiffs alleged that Eisenman's last known address was in Colorado. *Id.* ¶ 2. On February 2, 2024, Plaintiffs filed a Motion for Substituted Service in the Denver District Court action, asserting that Plaintiffs had attempted to serve Eisenman at his last known address in Larkspur, Colorado, but it did not appear that anyone was home. ECF No. 14 at 14. Plaintiffs represented that the process server was able to speak with Eisenman on October 11, 2023. *Id.* at 15. Eisenman confirmed to the process server that he had moved to Wisconsin. *Id.* On July 10, 2024, based on a Stipulation for Dismissal with Prejudice, Eisenman was dismissed from the lawsuit in Denver District Court. ECF No. 1-3.

On July 11, 2024, Plaintiffs served their Initial Rule 26(a)(1) disclosures and Plaintiff Peggy Stipek identified "past special damages in the amount of $259,308.75, pending additional medical billing, for her bodily injuries." ECF No. 17-3 at 2. Plaintiff Peggy Stipek also identified "future special damages as well as past and future non-economic (general damages). *Id.* Plaintiff Michael Stipek asserted loss of consortium damages. *Id.*

2

On August 5, 2024, Safeco filed its Notice of Removal. ECF No. 1. On September 4, 2024, Plaintiffs filed the instant Motion to Remand, arguing that Safeco's Notice of Removal is untimely, and the case does not satisfy the minimum $75,000 amount in controversy. ECF No. 14. Plaintiffs ask the Court to award attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). *Id.* In its response, Safeco contends the Notice of Removal was timely and the complaint, civil cover sheet, and other documents establish that the controversy exceeds $75,000. ECF No. 17. Safeco also argues Plaintiffs' motion should be denied for failure to confer and that Plaintiffs' request for attorney fees and costs should be denied. *Id.*

## II. LEGAL STANDARD

A defendant may remove a state civil action to federal court if the federal district court has subject matter jurisdiction. 28 U.S.C. § 1441. A federal court has subject matter jurisdiction over cases in which there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To successfully remove a case to federal court, "[a] defendant must affirmatively establish jurisdiction by proving jurisdictional facts that made it possible that $75,000 was in play." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). If, however, the case stated by the initial proceeding is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an

3

amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1445(b)(3).

The burden of proving that removal is proper falls on the party asserting diversity jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Removal statutes are construed strictly and any doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).

### III.   ANALYSIS

Plaintiffs assert that Safeco's Notice of Removal is untimely and that the amount in controversy does not meet the $75,000 minimum. Accordingly, Plaintiffs ask the Court to grant their motion for remand and award attorneys' fees and costs in connection with the filing of their motion pursuant to 28 U.S.C. § 1447(c). Safeco argues that the motion for remand should be denied for failure to confer and, in any case, Plaintiffs' arguments for remand are meritless.[1] The Court addresses each argument in turn.

**A. Timeliness**

It is undisputed that the initial pleading was not removable. However, the parties dispute when the case first became removable. Plaintiffs contend Safeco first had notice that the case was removable on February 2, 2024, at the latest, which is when Plaintiffs filed their Motion for Substituted Service in Denver District Court. ECF No. 14 at 5. Safeco

---

[1] Because the Court denies Plaintiffs' motion for remand on the merits, the Court does not address Safeco's argument regarding the failure to confer. However, the Court cautions Plaintiffs that failure to confer is an independent basis to deny a motion. *See Geiger v. Z-Ultimate Self Defense Studios, LLC*, No. 14-cv-00240-REB-NYW, 2015 WL 3396154, at *4 (D. Colo. May 26, 2015). Going forward, Plaintiffs must abide by the District's Local Rules, which mandate that parties meaningfully confer before filing a motion. *See* D.C.Colo.LCivR 7.1(a).

argues that the case did not become removable until July 10, 2024, when Plaintiffs and Eisenman filed a Stipulation for Dismissal with Prejudice of all claims asserted by Plaintiffs against Eisenman, leaving Plaintiffs (Colorado citizens) and Safeco (New Hampshire citizen) as the only parties. ECF No. 17 at 6-7.

As noted above, a notice of removal must be filed within thirty days after the defendant first received "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In other words, "[t]he 30-day clock does not begin to run until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable." *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016) (quoting *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)). The Tenth Circuit is "very strict in assessing whether the grounds for removal are ascertainable." *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016). In determining whether the grounds for removal are ascertainable, the right to removal must "not be ambiguous" or "require[] extensive investigation." *Akin*, 156 F.3d at 1035 (citing *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)). Moreover, the Court "will not inquire into a defendant's subjective knowledge or what the defendant should have inferred from an investigation or a review of its files." *Paros*, 835 F.3d at 1270 (collecting cases).

Here, the Court finds that Safeco was not provided with "unequivocal notice of the right to remove" until July 10, 2024, when Eiseman was dismissed from the case. The Motion for Substituted Service represented only that the process service spoke with

5

Eisenman "and confirmed that Mr. Eisenman has moved and is now relocated in Wisconsin." ECF No. 14 at 15. But this statement alone is not enough to provide unequivocal notice of diversity of citizenship because "[f]or purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). And "[t]o establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id.* at 1260. Thus, "allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972); *see also Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.").

In a similar situation, the Tenth Circuit held that a party's deposition, wherein he stated that he had moved from Utah to California, was not enough to establish notice of the right to remove because he "was noncommittal regarding a change of residence or citizenship and did not say that he had permanently moved." *DeBry*, 601 F.2d at 488-89. The Tenth Circuit found that the deposition "might have placed the person on inquiry" but "was not sufficient to permit him to learn with certainty." *Id*. The same is true here. While the Motion of Substituted Service may have given Safeco reason to believe diversity *may* exist, it did not show with certainty that Eisenman intended to remain in Wisconsin permanently as to establish domicile. It was not until July 10, 2024, when Eisenman was dismissed from the case, that Safeco was able to ascertain with certainty that grounds for removal existed. Accordingly, the Notice of Removal, filed on August 5, 2024, is timely.

### B. Amount in Controversy

Plaintiffs also argue that Safeco has failed to prove the amount in controversy exceeds $75,000. ECF No. 14 at 6. When removal is based on diversity of citizenship, the notice must allege that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1446(c)(2)(B). This requires either "a specific allegation that damages exceed the federal jurisdictional amount of $75,000," or factual allegations "from which the amount may be easily derived through arithmetic." *Id.* at 1269 & n.4. Regardless, "the amount must be unambiguous." *Id.*; *see Akin*, 156 F.3d at 1036. However, if "the plaintiff contests, or the court questions, the defendant's allegation," the defendant must prove the amount in controversy by a preponderance of the evidence. *Dart Cherokee Basin, 574 U.S.* at 87, 89 (2014) at 89; *McPhail v. Deere & Co.*, 529 F.3d 947 at 953 (10th Cir. 2008); 28 U.S.C. § 1446(c)(2)(B). There are several ways to meet this burden, including "by calculation from the complaint's allegations" and "by reference to the plaintiff's informal estimates or settlement demands." *McPhail*, 529 F.3d at 954 (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)).

Plaintiffs argue Safeco has failed to establish that the amount in controversy exceeds $75,000 because Safeco "relies solely on the state court civil cover sheet, which is insufficient to establish this requirement." ECF No. 14. At p. 6 ¶ 19. But Safeco does not rely solely on the state civil cover sheet; Safeco also relies on Plaintiffs' UIM policy demand, the Complaint's allegations, and Plaintiffs' C.R.C.P. 26(a)(1) initial disclosures in the state action. And although the civil cover sheet alone may not be adequate, the civil cover sheet together with the other documents establishes by a preponderance of the

7

evidence that amount in controversy requirement is met. *See Crawford v. Nuclear Med. Tech. Certification Bd*., No. 23-CV-02300-KAS, 2023 WL 7277257, at *1 (D. Colo. Sept. 25, 2023) ("[A] civil cover sheet which indicates that the amount in controversy exceeds $75,000 puts a defendant on notice that a case *may be* removable and starts the 30-day removal period, but it is not *necessarily*, by itself, always adequate for the Court to find that it has subject matter jurisdiction under 28 U.S.C. § 1332(a).") (emphasis in original) (citing *Paros*, 835 F.3d at 1272-73).

Here, Plaintiffs' counsel filed a civil cover sheet certifying pursuant to C.R.C.P. 11 that the "value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.00" and that Plaintiffs were "seeking a monetary judgment against another party of more than $100,000.00." ECF No. 1-2. Further, Plaintiffs make a UIM policy limits demand, asserting that Plaintiffs are entitled to $50,000.00 in covered UIM benefits, and Plaintiffs' complaint seeks two times the amount of unpaid benefits in damages under C.R.S. §§ 10-3-1116. ECF No. 4 ¶¶ 17, 56; *see Stazick v. State Farm Mut. Auto. Ins. Co*., No. 18-CV-03357-PAB, 2019 WL 494376, at *1 (D. Colo. Feb. 8, 2019) (case cover sheet together with demand for two times the amount of the unpaid benefit in damages under C.R.S. §§ 10-3-1115 and 1116 enough to establish amount in controversy). Finally, Plaintiffs' C.R.C.P. 26(a)(1) initial disclosures identify $259,308.75 in past medical expenses plus future medical expenses and other damages. ECF No. 17-3 at 2. Taken together, these documents support a finding that the amount in controversy exceeds $75,000. *See Chateau Vill. N. Condo. Ass'n v. Am. Fam. Mut. Ins. Co.,* No. 14-CV-01583-PAB-NYW, 2015 WL 1064627, at *1 (D. Colo. Mar. 9, 2015) ("Where a

defendant seeks to remove on the basis of diversity jurisdiction, 'information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).' ") (quoting 28 U.S.C. § 1446(c)(3)(A)). Given these documents and Plaintiffs' failure to explain why the amount in controversy would be less than $75,000, the Court finds that the amount in controversy requirement has been met.

Because the Court denies the Motion to Remand, it denies Plaintiffs' request for fees and costs. Accordingly, it is **ORDERED** that Plaintiffs' Motion to Remand, ECF No. 14, is **DENIED**.

DATED:  November 4, 2024

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge